Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
CREATIVE PHOTOGRAPHERS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VASARO INC., <br><br> Defendant. | Civil Action No. 2:24-cv-6623 <br><br> **COMPLAINT** |

Plaintiff Creative Photographers, Inc. ("Plaintiff") sues defendant Vasaro Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New

York.

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business at 433 S Camden Drive, Suite 400, Beverly Hills, CA 90210. Defendant's agent for service of process is 1505 Corporation United States Corporation Agents, Inc., 101 North Brand Blvd, Glendale, CA 91203.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

## FACTS

### I. Plaintiff's Business

6. Plaintiff specializes in the licensing of high-end photography for all markets including editorial, advertising, entertainment, publishing, PR, merchandising, and all new media worldwide.

7. Plaintiff was founded in 1994 and has grown to become one the leading photo agencies today with a deep global reach and successful placements worldwide. Plaintiff works closely with its photographers in establishing an overall strategy which includes the placements and securing of appropriate approvals.

8. Plaintiff has excellent relationships with all publicists, managers and agents which help to facilitate the seamless approval process while simultaneously maintaining a high level of service in all aspects.

9. Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

### II. The Work at Issue in this Lawsuit

10. Jonny Marlow is one of many photographers represented by Plaintiff.

11. Jonny Marlow is a professional entertainment and fashion photographer who is currently residing in Los Angelos, California. Mr. Marlow is dedicated to taking headshots for industry professionals. Mr. Marlow is well known for his published work in magazines such as Vanity Fair, GQ, Instyle, Esquire, V, and People.

12. In 2021, Mr. Marlow took a professional photograph of actress Jenna Ortega titled "300_Jenna_Ortega_Spec_1362" (the "<u>Work</u>"). A copy of the Work is displayed below:



13. The Work was registered by Mr. Marlow with the Register of Copyrights on January 10, 2023 and was assigned Registration No. VA 2-335-437. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14. Mr. Marlow is the owner of the Work and has remained the owner at all times material hereto. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## II. Defendant's Unlawful Activities

15. Defendant is an online store that offers countless fashion pieces and patented swimwear options for women, combining elegant designs with comfort and sustainability.

16. Defendant advertises/markets its business primarily through its website (https://vasaro.com/), social media (e.g., https://www.facebook.com/vasarostyle, https://www.instagram.com/vasarostyle/ and https://twitter.com/VasaroStyle), and other forms of advertising.

17. On February 15, 2023 (after Mr. Marlow's above-referenced

copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://vasaro.com/blogs/fashion-news/jenna-ortega-lookbook-and-setting-a-new-trend-wednesday-addams-inspired-clean-gothic):



18. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on

notice that the Work was not intended for public use.

20. Defendant utilized the Work for commercial use.

21. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22. Through Plaintiff's ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in July 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff have been unable to negotiate a reasonable license for the past infringement of their respective Work.

23. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Mr. Marlow owns a valid copyright in each photograph comprising

the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

27.   Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

28.   As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

29.   Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30.   By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

31.   Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

32.   Plaintiff has been damaged as a direct and proximate result of

Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

  a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

  b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

DATED:  August 6, 2024.　　　　　　**COPYCAT LEGAL PLLC**

　　　　　　　　　　　　　　　　　　By: /s/ Lauren M. Hausman
　　　　　　　　　　　　　　　　　　　　Lauren M. Hausman, Esq.
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　Creative Photographers, Inc.